IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VINCENT BIZILJ,** *Individually and as* )
*Parent and Next Friend of W.B.,* )
)
and )
)
**KELLY BIZILJ,** *Individually and as* )
*Parent and Next Friend of S.B.,* )
)
             **Plaintiffs,** )    CIVIL ACTION
**v.** )    No. 08-CV-2036-CM
)
**ST. JOHN'S MILITARY SCHOOL,** )
)
             **Defendant.** )
)

## MEMORANDUM AND ORDER

Plaintiffs Vincent and Kelly Bizilj bring this lawsuit against defendant St. John's Military School ("St. John's" or "SJMS") as individuals and as the parents and next friends of W.B. and S.B. As the parents and next friends of W.B. and S.B., plaintiffs bring suit against St. John's for: (1) negligent supervision, (2) intentional failure to supervise, (3) intentional infliction of emotional distress (4) outrage and (5) breach of fiduciary duty. In their individual capacities, they bring suit against St. John's for breach of fiduciary duty. This matter is before the court on defendant's Motion to Dismiss (Doc. 3).

**I.**     **Factual Background**[1]

---

[1] As an initial matter, the court notes that plaintiffs did not respond to defendant's statement of facts, which are appropriately numbered and reference the record. District of Kansas Local Rule 56.1 requires that a party opposing a motion for summary judgment set forth each fact in dispute and refer with particularity to those portions of the record upon which it relies in disputing such factual contentions. D. Kan. Rule 56.1(b)(1). Accordingly, those material facts which plaintiffs have failed
(continued...)

S.B. and W.B are minor children who were enrolled as students at St. John's during a portion of the 2006–07 school year. Plaintiffs Vincent and Kelly Bizilj are the parents of S.B. and W.B. St. John's is a private school located in Salina, Kansas. Vincent and Kelly Bizilj both signed two, separate enrollment contracts ("Enrollment Contacts")—one for each child—to enroll S.B. and W.B. as students at St. John's. Both Enrollment Contracts contain the following language:

> Any disagreements between SJMS and the Parent/Guardian shall be submitted to final and binding arbitration to be conducted according to the then-applicable rules of the American Arbitration Association. Venue for the arbitration shall be Salina, Kansas . . . . The parties agree that any actions or proceedings between SJMS and the Parent/Guardian shall be governed by the laws of the State of Kansas. For purposes of entering a judgment on any arbitration award or for any court proceeding, the parties further agree and consent that personal jurisdiction, subject matter jurisdiction, and venue shall all lie in the District Court of Saline County, Kansas.

(Enrollment Contracts (Doc. 6).) Neither S.B. nor W.B. signed an Enrollment Contact.

## II.   Standards for Judgment

Defendant filed its motion as a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)-(3) and (6), but presented and relies on matters outside the pleading. When matters outside the pleading are presented to and not excluded by the court, the court must treat the motion as one for summary judgment and dispose of the motion as provided in Rule 56, and "all parties must be given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When neither party is prejudiced, a court may convert a motion to dismiss into a motion for summary judgment without giving notice or time for additional briefing.

---

[1] (...continued)
to adequately controvert are deemed admitted for purposes of summary judgment. *Id.* 56.1(b)(2). Pursuant to Federal Rule of Civil Procedure 56, the court construes the facts in the light most favorable to the non-moving party.

*Robinson v. Mt. Carmel Med. Ctr., Inc.*, No. 05-1091-MLB, 2005 WL 1521962, at *1 (D. Kan. June 27, 2005) (citing *Burnham v. Humphrey Hospitality REIT Trust, Inc.*, 403 F.3d 709, 713–14 (10th Cir. 2005). Here, neither party is prejudiced because in its motion, defendant recognized that the motion may be converted into a motion for summary judgment, and plaintiffs' response set forth the legal standards for both a motion to dismiss and a motion for summary judgment. Thus, the court will treat the motion as one for summary judgment under Rule 56.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.    Discussion

Defendant seeks dismissal of all claims, arguing that the arbitration and forum selection clauses of the Enrollment Contracts prohibit plaintiffs from filing this case in federal court. Plaintiffs contend that S.B. and W.B. are not parties to the Enrollment Contracts, and thus, are not bound by the arbitration and forum section clauses. They further argue that the arbitration and forum selection clauses do not preclude this action.

### A.    *S.B. and W.B.'s Claims*

It is undisputed that S.B. and W.B. did not sign the Enrollment Contracts, but defendant argues that under Kansas law—specifically, *Oetinger ex rel. Oetinger v. Polson ex rel. Polson*, 885 P.2d 1274 (Kan. Ct. App. 1994)—S.B. and W.B. are still bound by the terms of the agreements. *Oetinger*, however, is distinguishable from this case. In *Oetinger*, the Kansas Court of Appeals held

that a minor child was bound by the subrogation clause in an insurance contract entered into by his father. *Oetinger*, 885 P.2d at 1278. The child was injured in an automobile collision and filed suit against various defendants alleging the accident was their fault. *Id.* at 1275. The insurance company covered the child's medical expenses under the insurance contract. *Id*. When the child recovered a settlement from one of the defendants, the insurance company sought reimbursement for the child's medical expenses. *Id.* at 1276. Recognizing that the child received services under the contract and would recover a windfall if not bound by the contract, the court found that the child was bound by the subrogation clause of the contract even though the father, not the child, signed the agreement. *Id.* at 1278.

This case is different. It is not a contract action. Through their parents, S.B. and W.B. bring tort claims against defendant, alleging emotional, mental, and physical harm. S.B. and W.B. will not receive a financial windfall if they are not bound by the Enrollment Contracts. In fact, the contracts limit their rights by limiting where they can bring suit. Additionally, the *Oetinger* court stated that the contract "must be examined to determine whether it was the intention of the parties to include the person within the scope of the policy's coverage." *Id.* at 1278 (citing *W. Motor Co. v. Koehn*, 738 P.2d 466, 466 (1987). The subrogation clause in *Oetinger* specifically stated that if damages were payable to any member of the father's family and there was a recovery from a third-party, the insurance company would "assert a lien against such proceeds to reimburse the Plan for the full amount of Plan benefits paid . . . ." Unlike the contract in *Oetinger*, the Enrollment Contracts specifically state that "[a]ny disagreements *between SJMS and the Parent/Guardian* shall be submitted to final and binding arbitration . . ." and that "[t]he parties agree that any actions or proceedings *between SJMS and the Parent/Guardian* shall be governed by the laws of the state of Kansas." (Enrollment Contracts (Doc. 6) (emphases supplied*).*)

The Enrollment Contracts do not indicate that the parties intended to include S.B and W.B. within the scope of the agreements' coverage or limit the forum in which S.B and W.B. could assert claims against St. John's. The terms discussed in the Enrollment Contracts focus on the obligations of St John's and the parents'—"I agree to pay;" "no increase in the annual charge;" and "right to dismiss." In the agreements, the parents acknowledge that "the Cadet" must abide by the rules or is subject to dismissal, but nothing indicates the Cadets themselves are agreeing to the financial agreement or to abide by the rules. Nor do the agreements specifically state that they are for the benefit of the children or that the parents are waiving the children's rights. *See, e.g., Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1077 (5th Cir. 2002) (holding minor children were not bound by an arbitration agreement signed by their parents because the children were not signatories to the sales contract, were not third-party beneficiaries of the agreement or contract, and were not suing on the basis of the contract).

It is possible for parents to enter into an enforceable contract, binding on a minor child, that requires submission of a child's disputes to arbitration. *See Global Travel Mktg., Inc. v. Shea*, 908 So.2d 392 (Fla. 2005) (enforcing an agreement to arbitrate claims arising out of a commercial travel contract signed by a parent on behalf of a minor child where contract specifically stated mother was agreeing to the terms on behalf of her minor child); *Hojnowski v. Vans Skate Park*, 868 A.2d 1087 (N.J. Super. Ct. App. Div. 2005) (enforcing arbitration agreement where mother's execution of the agreement clearly intended to benefit the child because it had no purpose other than to gain entry into a skate park for her son). But the parents have not done so here. The forum selection and arbitration provisions apply only to the contracting parties; they do not incorporate the legal disputes of the children. *See, e.g., Accomazzo v. CEDU Educ. Serv's, Inc.*, 15 P.3d 1153 (2000) (holding that a minor was not bound by an arbitration agreement in a student enrollment contract signed by his

parents because the contract required arbitration of "any controversy **between the parties**").

For the reasons stated above, the court finds that S.B. and W.B.'s tort claims are not governed by the Enrollment Contracts or the agreements' arbitration and forum selection clauses. Defendant's motion is denied with respect to S.B. and W.B.'s claims.

### B.     *Vincent and Kelly Bizilj's Individual Claims*

When considering a matter under diversity jurisdiction, federal courts examine forum selection clauses under federal law. *Kirk v. NCI Leasing, Inc.*, No. 05-1199-MLB, 2005 WL 3115859, at *2 (D. Kan. Nov. 21, 2005). Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). The forum selection clause in the Enrollment Contracts is reasonably clear and the wording strongly points to jurisdiction and venue in the state court in Saline county. The clause provides that "[f]or purposes of entering a judgment on any arbitration award *or for any court proceeding*, the parties further agree and consent that personal jurisdiction, subject matter jurisdiction, and venue *shall* all lie in the *District Court of Saline County, Kansas*." (Enrollment Contracts (Doc. 6) (emphases supplied).) The use of the word "shall" indicates the parties' mandatory intent. *Milk 'N' More, Inc.*, 963 F.2d at 1346 (holding that the use of the word "shall" generally indicates a mandatory intent). And the reference to "any court proceeding" indicates that the parties intended the clause to cover any court proceeding, including tort actions.

Because the court concludes the language of the form selection clause is clear and mandatory, plaintiffs must demonstrate that the clause is unfair or unreasonable. Plaintiffs have failed to do so. Plaintiffs' position is that the Enrollment Contracts were adhesion contracts and thus all ambiguities must be construed against the drafter—defendant. But as discussed above, the forum

-7-

selection clause in the agreements is unambiguous. The clause states that personal jurisdiction, subject matter jurisdiction, and venue for any court proceeding shall all lie in the District Court of Saline County, Kansas. Plaintiffs have not demonstrated that the forum agreed to in the Enrollment Contracts is unfair or unreasonable.

Because the forum selection clause is valid and enforceable, the court need not consider whether the arbitration clause applies to these claims. Accordingly, defendant's motion to dismiss Vincent and Kelly Bizilj's individual claims is granted.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 3) is granted in part and denied in part.

Dated this 24th day of September 2008, at Kansas City, Kansas.

       **s/ Carlos Murguia**
       **CARLOS MURGUIA**
       **United States District Judge**