**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **VINCENT BIZILJ,** *Individually and as Parent and Next Friend of W.B.,* and **SCOTT BIZILJ,** <br><br>  Plaintiffs, <br>v. <br>**ST. JOHN'S MILITARY SCHOOL,** <br>  Defendant. | CIVIL ACTION <br> No. 08-CV-2036-CM |

## MEMORANDUM AND ORDER

Plaintiffs Vincent Bizilj, as the parent and next friend of W.B., and Scott Bizilj bring this lawsuit against defendant St. John's Military School. This case concerns allegations of hazing and claims of negligent supervision, intentional failure to supervise, intentional infliction of emotional distress, and outrage by defendant, a private military boarding school for grades 7–12 in Salina, Kansas by two former students. This matter is before the court on plaintiffs' Motion to Strike Defendant St. John's Military School's Reply (Doc. 98) and defendant's Motion to Amend Defendant's Response to Plaintiffs' Request for Admissions (Doc. 103).

**I.  Factual Background**

On November 14, 2008, defendant served its response to Requests for Admissions ("November RFA"). Defendant sent its November RFA to plaintiffs via email and accidently attached an incomplete draft of its responses; they were unsigned and two responses were left blank. Plaintiffs refer to and rely on defendant's answers to the November RFA, specifically response

number 12, in response to defendant's motion for summary judgment. Defendant did not realize its mistake until plaintiffs referred to the November RFA in their summary judgment response. Realizing the mistake, defendant attached an amended, but complete, version of the November RFA ("Complete RFA") to its reply brief and relies on the amended response to support its motion for summary judgment. Plaintiffs first learned of the amendment when reading defendant's reply brief.

In response number 12 of the November RFA, defendant admits that it "informs parents to assume complaints from students pertaining to physical abuse are not true."[1] (Doc. 99, Ex. 1, November RFA ¶ 12.) Defendant's amended response in the Complete RFA reads, "It is admitted that some parents have been informed that their children may make complaints which the parents may take with a 'grain of salt', but parents are not uniformly told to 'assume complaints from students pertaining to physical abuse are not true' so this Request is Denied." (Doc. 99, Ex. 2, Complete RFA ¶ 12.) This issue was addressed in some, but not all, of the depositions. In February 2009, plaintiffs deposed Jack Fox, defendant's former president, and inquired whether he informed parents not to believe their children if the children said they were being hazed. In response, Mr. Fox said that the parents were told not to overreact but that they could contact the school if they had a question. For strategic purposes, plaintiffs did not raise this issue in the deposition of defendant's commandant or the current Headmaster.

**II.     Legal Standard**s

Under Federal Rule of Civil Procedure 26(e)(1), a party who has responded to a request for admission must supplement or correct its response in a timely matter or as ordered by the court. When the requirements of Rule 26(e) are not met, the offending party is prohibited from using the

---

[1] This statement is not a stipulation in the Pretrial Order.

information unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). But a party may move to amend its request for admissions under Rule 36(b). Under Rule 36(b), "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on its merits." Fed. R. Civ. P. 36(b).

Defendant, as the party seeking to amend the admission, must demonstrate that the "presentation of the merits of this action will be subserved or facilitated by ordering the amendment of the admissions." *Webb v. Deluxe Fin. Sers., Inc.*, No. 05-2137-CM-JPO, 2006 WL 4549690, at *1 (D. Kan. Dec. 1, 2006). As the party who obtained the admission, plaintiffs bear the burden of demonstrating that amendment to the admission will prejudice plaintiffs in maintaining the action on the merits. *Id.* When considering whether to allow an amendment, the court must focus on "'the effect upon the litigation and prejudice to the resisting party rather than [] on the moving party's excuses for an erroneous admission.'" *In re Durability Inc.,* 212 F.3d 551, 556 (10th Cir. 2000) (quoting *Fed. Deposit Ins. Corp., v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994)). The court may allow amendment or withdrawal of an admission when a party has made an improvident admission through an honest error. *Team Logistics, Inc. v. Orderpro Logistics, Inc.*, No. 04-2061-JWL, 2005 WL 1140774, at *2 (D. Kan. May 10, 2005). "The test of whether a party will be prejudiced by the withdrawal of an admission is whether that party is now any less able to obtain the evidence required to prove the matter which was admitted than he would have been at the time the admission was made." *Webb*, 2006 WL 4549690, at *2. "'[P]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.'" *Durability Inc.,* 212 F.3d at 556 (quoting *Fed. Deposit*, 18 F.3d at 640) (additional citations omitted).

**III.  Discussion**

Applying the standard set forth in Rule 36(b), the court finds that defendant has met its burden of demonstrating that the presentation of the merits of this action will be facilitated by granting it leave to amend its responses to the November RFA. The amendment will allow the record to accurately reflect the facts of the case. Thus, the court must determine whether plaintiffs have demonstrated that amendment of the admissions will prejudice them in maintaining the action on the merits. As mentioned above, a party is not prejudiced by relying on an erroneous admission during summary judgment.[2] *Durability Inc.,* 212 F.3d at 556. Instead, the court must determine whether plaintiffs are less able to obtain the evidence required to prove the matter which was admitted than they would have been at the time the admission was made.

The court finds that they are not. Plaintiffs deposed multiple defense witnesses and asked several about statements made to parents. Plaintiffs argue they refrained from asking two key witnesses, plaintiffs' commandant and the current Headmaster, about these statements based on a specific, undisclosed litigation strategy. Mr. Fox's testimony—that parents were told not to overreact to allegations of hazing—was contrary to response number 12 in the November RFA. Plaintiffs refrained from pointing out the contradictory response, saving it for trial. Plaintiffs knew as early as February 2009 that there was testimony contrary to the November RFA. Plaintiffs' strategy relied heavily on the November RFA, but that does not prevent an amendment under Rule 36(b). Defendant made an honest error. Correcting the error will not prejudice plaintiffs.

The possibility of prejudice at trial from a lack of discovery can be avoided simply by giving plaintiffs the opportunity to depose the commandant and the current Headmaster regarding statements made to parents. Defendant shall produce the commandant and the current Headmaster

---

[2] The amended response did not prejudice plaintiffs with respect to summary judgment—the court did not consider the amended response when making its decision.

-4-

-5-

for deposition no later than October 23, 2009 for the limited purpose of allowing plaintiffs discovery on the issues raised by the amended response to request number 12 in the Complete RFA.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Strike Defendant St. John's Military School's Reply (Doc. 98) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Amend Defendant's Response to Plaintiffs' Request for Admissions (Doc. 103) is granted.

**IT IS FURTHER ORDERED** that defendant shall produce the commandant and the current Headmaster for deposition no later than October 23, 2009 for the limited purpose of allowing plaintiffs discovery on the issues raised by the amended response to request number 12 in the Complete RFA.

Dated this 9th day of October 2009, at Kansas City, Kansas.

    **s/Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**